### 10826

WHITE *ET UX* v. PAYNE, DIRECTOR GENERAL

(110 S. E. 463)

1. CARRIERS—EVIDENCE IN ACTION FOR LOSS OF MULE THAT RELATION OF CARRIER HAD BEGUN HELD TO JUSTIFY REFUSAL OF NONSUIT.— In an action against a carrier for the loss of a mule, evidence that the carrier's agent had designated the car and instructed plaintiff to load his goods therein, and that plaintiff had done so, but that the agent had left the office so that a bill of lading could not be obtained, justifies the refusal of a nonsuit.

2. TRIAL—INSTRUCTION RELATION HAD BEEN ESTABLISHED HELD TO ASSUME QUESTION FOR JURY.—Where the agent of the carrier testified that he authorized plaintiff to load his household goods, but stated he desired to supervise the loading of the live stock, it was a question for the jury whether the relationship of shipper and carrier had been established as to plaintiff's mule, so that it was error, in an action for the loss of the mule, to charge that the undisputed evidence showed that such relationship had been established.

Before Rice, J., Kershaw, March, 1921.    Reversed.·

Action by Thomas J. White and wife against John Barton' Payne, Director. General of · Railroads, judgment for plaintiff and defendant appeals.

*Messrs. Barnett & McDonald,* for appellant, cite : *Relation of shipper and carrier does not commence as long as anything remains to be done by shipper*: 4 R. C. L., 688-695; 10 C. J., 222, 224, 226; 35 S. E., 369; 32 L. R. A. (N. S.), 313; 32 L. R. A. (N. S.), 323; 16 S. E , 323; 32 L. R. A. (N. S.), 320; 84 Ala., 173; 9 S. E., 1076; 35 S. E., 369; L. R. A., 1916C, note; *No presumption as warehouseman on interstate shipment*: 240 U. S., 632.

*Messrs. W. B. DeLoach* and *Kirkland & Kirkland,* for respondents, cite : *Oral arrangements sufficient to bind carrier*: 114 U. S., 584.    *Deposit sufficient*: 25 Mo. App., 473. *Cattle in pens and partly loaded held to have been accepted by carrier*: 80 Tex., 270.    *Statement of admitted facts not improper*: 96 S. C., 16; 92 S. C., 114.

January 26, 1922.

The opinion of the Court was delivered by Mr. Justice Fraser.

The plaintiff brought this action for damages for the loss of a mule.    The facts will be stated in discussing the assignments of error.

The first assignment of error is in refusing a motion for a nonsuit.    The nonsuit could not have been granted.    There was evidence to show that the plaintiff had made arrangements with. the agent of the defendant to ship a carload of goods and live stock from Camden, in this State, to Concord, N. C.; that the defendant provided an empty car for that purpose; that the plaintiff went to the agent of the defendant and asked to be shown the car; that the agent of the defendant pointed out the car on a side track, and gave the plaintiff full instruc-

tions as to loading the car; that the plaintiff went out and loaded the car as instructed; that the plaintiff then went back to the station to get his bill of lading and to pay the freight, but the agent had left the station; that the car was to have started on its way at 6 o'clock the next morning. In the morning the mule was dead in the car.

The second assignment of error is in charging on the facts. His Honor the trial Judge charged the jury that the undisputed evidence showed that the relation of shipper and carrier had been established. In this his Honor was in error. The agent of the defendant said that he gave the plaintiff instructions as to the loading of his household goods, but he, the agent, wanted to supervise the loading of the live stock. The plaintiff denies this, but that made a question for the jury. The charge ignored the conflict, and was prejudicial error.

There are other specifications of error in charging on the facts, but this is sufficient.

The judgment is reversed.